T.C. Memo. 2003-38

UNITED STATES TAX COURT

JEROME GRIGGS BEERY, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9424-01L.               Filed February 20, 2003.

Jerome Griggs Beery, pro se.

<u>Dennis R. Onnen</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>: Pursuant to section
6330(d)(1)(A),[1] petitioner instituted this proceeding to
judicially review the propriety of respondent's decision to
proceed with collection of Federal income taxes and penalties

---

[1] Unless otherwise indicated, subsequent section
references are to the Internal Revenue Code in effect for the
years at issue.  Rule references are to the Tax Court Rules of
Practice and Procedure.

against him.  The case originated with respondent's issuance to
petitioner of two final notices of intent to levy.  One notice
dealt with petitioner's 1989, 1990, and 1991 tax years, and the
other notice dealt with petitioner's 1994 tax year.  In both
instances, petitioner responded timely with a Request for a
Collection Due Process Hearing.  A hearing was held with
petitioner by telephone with respect to both requests.
Thereafter, respondent issued separate notices of determination
advising petitioner that respondent would proceed with
collection.  This petition for review followed.

The Federal income taxes and penalties at issue are based on
two notices of deficiency issued to petitioner and his spouse,
Joyce E. Beery, as follows:[2]

| Year | Deficiency | Sec. 6662(a) Penalty |
|------|-----------|----------------------|
| 1989 | $28,242 | $5,648 |
| 1990 | 24,401 | 4,880 |
| 1991 | 4,624 | -- |
| 1994 | 21,592 | 4,318 |

---

[2]    The collection activity was instituted only against
petitioner and not his spouse.  One notice of deficiency was for
the years 1989, 1990, and 1991, and the other notice of
deficiency was for the years 1992, 1993, and 1994.  The
collection activity at issue is not directed to petitioner's 1992
and 1993 tax liabilities.  The record is unclear as to the amount
owing for the 1989, 1990, and 1991 tax years; however, for the
year 1994, the final notice of intent to levy to petitioner
stated a total of taxes, penalties, and interest of $34,447.88.

Both determination notices issued to petitioner after the appeals hearing stated that petitioner had not offered any collection alternatives with respect to the liabilities at issue and noted further, as pointed out to petitioner at the hearing, that he was "precluded from challenging the merits of the tax liability since you have already had an opportunity to and in fact did challenge the liability in Tax Court." The determination notices stated that petitioner's position at the hearing was that there were no valid Tax Court decisions with respect to his liability and since petitioner had previously filed for bankruptcy, "the Service could collect from the bankruptcy trustee".

At the time the petition for review of respondent's determination was filed, petitioner's legal residence was Los Alamos, New Mexico.

Respondent filed a motion to dismiss for failure to state a claim upon which relief may be granted under Rule 40.

A hearing was held on respondent's motion, at which petitioner appeared and testified.

The record shows that the two notices of deficiency referred to earlier were received by petitioner and his spouse. Petitioner and his spouse filed a petition with this Court, at docket No. 26995-93, challenging the notice of deficiency relating to their 1989, 1990, and 1991 tax years. The case was

tried, an opinion was issued, <u>Beery v. Commissioner</u>, T.C. Memo. 1996-464, and a decision was entered on April 24, 1997. Petitioners thereafter filed a motion to vacate the decision to enable them to claim the carryforward of a net operating loss sustained in 1976. The Court considered that claim as a new issue, which was not brought up at trial and, accordingly, denied the motion to vacate. Petitioner and his spouse also filed a petition with this Court, at docket No. 8802-96, challenging the notice of deficiency relating to their 1992, 1993, and 1994 tax years. The disposition of that case is noted later.

On February 25, 1994, while docket No. 26995-93 was pending before this Court, petitioner filed for bankruptcy in the U.S. Bankruptcy Court for the State of New Mexico. On December 17, 1997, petitioner received a discharge in bankruptcy under chapter 7 of the Bankruptcy Code. The pending bankruptcy proceeding was never called to this Court's attention until after the decision was entered in docket No. 26995-93 (relating to petitioner's 1989, 1990, and 1991 tax years). Because of the automatic stay provisions of the Bankruptcy Code, which affected docket No. 26995-93, and because this Court had never formally stayed the proceedings, respondent proceeded in the Bankruptcy Court and attained an order, which was not opposed by petitioner and was affirmed by the U.S. District Court for the District of New Mexico, which retroactively lifted the stay applicable to this

Court and validated the decision this Court had entered in docket No. 26995-93.  The pertinent provisions of that order stated:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the automatic stay imposed under 11 U.S.C. §362 is retroactively modified in favor of the United States of America (IRS) to permit the United States Tax Court to take all steps necessary to enter a Decision in Docket No. 26995-93 and conclude its case and to permit the IRS to assess the debtor's additional tax liabilities for the years 1989, 1990 and 1991.

Since this Court had previously entered the decision in docket No. 26995-93, no further action was taken by this Court in connection with that case, nor did either respondent or petitioner institute any action with respect to the decision.  In due course, petitioner was assessed by respondent.

With respect to the other petition filed by petitioner and his spouse in this Court relating to the 1992, 1993, and 1994 tax years, docket No. 8802-96, the petition in that case was filed while petitioner's bankruptcy case was pending.  Respondent filed with this Court a motion to dismiss for lack of jurisdiction as to petitioner Jerome G. Beery and to change caption on the ground that petitioner was precluded from commencing an action in this Court due to his pending bankruptcy proceeding.  That motion was granted, and petitioner was dismissed from docket No. 8802-96 (which included his 1994 tax year).  After the bankruptcy case was concluded and he was discharged, petitioner did not petition this Court with respect to his 1992, 1993, and 1994 tax years.

Respondent later assessed the deficiencies and penalties against him.[3]

At the hearing on the motion to dismiss, with respect to his 1989, 1990, and 1991 tax years, which were decided in docket No. 26995-93, petitioner argued that the decision entered in that case was invalid because this Court was required to take further action when the U.S. District Court issued its order lifting the bankruptcy stay. Petitioner bases that argument on the wording of the U.S. District Court's order that required the Tax Court "to take all steps necessary to enter a decision in Docket No. 26995-93 and conclude its case" against petitioner. Petitioner argues that, because this Court took no further action in this case, the decision is invalid. The Court rejects that argument. Petitioner further argues that, had his case been reopened, he intended to file pleadings with the Court to allow him the benefit of carryforward of net operating losses he had sustained in 1975, which remained after his bankruptcy estate filed its income tax return for the last year he was in bankruptcy. The Court also rejects that argument because, in Beery v. Commissioner, T.C. Memo. 1996-464 involving petitioner's 1989,

---

[3] Under sec. 6213(f), the period for filing a petition in this Court was suspended during the pendency of the bankruptcy proceeding and for 60 days after the bankruptcy proceeding was concluded. Since petitioner was discharged in his bankruptcy on Dec. 17, 1997, he was allowed 60 days from that date to file a petition in this Court to challenge his 1992, 1993, and 1994 tax deficiencies, which he failed to do.

1990, and 1991 tax years, the Court held that the carryforward period of petitioner's 1975 net operating loss expired on December 31, 1980, and the carryforward period was not suspended during the period petitioner was in bankruptcy. As to the 1994 tax year, petitioner's position was not entirely clear, claiming alternatively that no notice of deficiency had been issued to him for that year or that, if a notice of deficiency had been issued, the order of the U.S. District Court retroactively lifting the stay in docket No. 26995-93 was equally applicable to docket No. 8802-96 and, therefore, should have reinstated him as a party petitioner in that case. The record shows, however, that petitioner and his spouse filed the petition at docket No. 8802-96, and that petitioner received a notice of deficiency that included not only 1994 but 1992 and 1993 as well. Moreover, petitioner does not dispute that his dismissal from the case was proper because the bankruptcy stay precluded him from filing a petition in this Court so long as the bankruptcy case was pending.

Section 6331(a) provides that, if any person liable to pay any tax neglects or refuses to pay the tax within 10 days after notice and demand for payment, the Commissioner may collect the tax by levy upon the taxpayer's property. Section 6331(d) provides that the Commissioner must provide the taxpayer with notice, including notice of the administrative appeals available

to the taxpayer, before proceeding with collection by such a levy.

Section 6330 generally provides that the Commissioner cannot proceed with the collection of taxes by way of a levy until the taxpayer has been given notice and an opportunity for administrative review of the matter in the form of an Appeals Office hearing. Judicial review of the administrative determination is available if the taxpayer petitions this Court or the appropriate U.S. District Court. Sec. 6330(d); Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes what a taxpayer may raise at an Appeals Office hearing. In sum, section 6330(c) provides that the taxpayer may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.

In this case, notices of deficiency were issued to and were received by petitioner for all the tax years involved. Moreover, petitions were filed in this Court with respect to all the years involved in this case. For the years 1989, 1990, and 1991, a decision was entered by this Court against petitioner, which has never been modified, vacated, or set aside. With regard to the 1994 tax year, petitioner also initiated an action in this Court with his spouse, as to which he was dismissed because of his pending bankruptcy. When petitioner was later discharged in the bankruptcy proceeding, he could have petitioned this Court with respect to the 1994 tax year. Petitioner never did that, and he was subsequently assessed by respondent for the deficiencies and penalty. The positions taken by petitioner with respect to respondent's collection action and this appeal all relate to his questioning the existence and the amount of his underlying tax liabilities. Because petitioner received notices of deficiency for the taxes in question and did in fact challenge in one case and attempted to challenge the deficiencies in another case, he is precluded from again challenging the underlying deficiencies and penalties in a collection proceeding under section 6330(c). Since petitioner did not offer any of the available remedies under section 6330(c), respondent's motion to dismiss this case

for failure to state a claim upon which relief can be granted is proper.

An order granting respondent's motion to dismiss for failure to state a claim upon which relief can be granted and decision for respondent will be entered.