T.C. Memo. 2003-331


UNITED STATES TAX COURT


JOYCE E. & JEROME G. BEERY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12113-01.                Filed December 3, 2003.


Joyce E. and Jerome G. Beery, pro sese.

<u>Dennis R. Onnen</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

MARVEL, <u>Judge</u>:  Respondent determined the following

deficiencies and penalties with respect to petitioners' Federal

income taxes:[1]

---

[1]All section references are to the Internal Revenue Code in
effect for the taxable years at issue, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

|       |            | Penalty   |
| Year  | Deficiency | Sec. 6662 |
|-------|------------|-----------|
| 1998  | $30,752    | $6,150    |
| 1999  | 32,136     | 6,427     |

After concessions,[2] the issues for decision are as follows:

(1) Whether petitioners are entitled to deduct net operating loss carryforwards computed with respect to 1975 on their Federal income tax returns for 1998 and 1999;

(2) whether petitioners are entitled under section 170 to deduct charitable contributions for the years 1998 and 1999 in excess of those already allowed by respondent; and

(3) whether petitioners are liable under section 6662(a) and (b) for accuracy-related penalties due to negligence and substantial understatement of income tax for 1998 and 1999.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts is incorporated herein by this reference. Petitioners, who filed joint Forms 1040, U.S. Individual Income Tax Return, for 1998 and 1999, resided in Los Alamos, New Mexico, when their petition in this case was filed.

---

[2]In the notice of deficiency, respondent determined that petitioners were not entitled to home mortgage interest deductions for 1998 and 1999 in the amounts of $2,880 and $1,617, respectively. Respondent conceded these amounts in the stipulation of facts. Also at issue in this case are adjustments to itemized deductions for 1998 and 1999, which are computational. Additionally, petitioners conceded that a net operating loss (NOL) from 1976 had been used completely in years before the years at issue.

Petitioner Jerome G. Beery (Mr. Beery) has a Ph.D. in physics, and petitioner Joyce E. Beery has a master's degree in speech pathology.

On January 16, 1976, Mr. Beery filed a chapter 11 petition in the U.S. Bankruptcy Court for the District of Kansas (the Kansas bankruptcy), which was converted to a chapter 7 liquidation. On September 29, 1987, the bankruptcy trustee filed Forms 1041, U.S. Fiduciary Income Tax Return, for 1976, 1977, 1978, 1979, 1980, 1982, 1983, 1984, 1985, and 1986. On the 1976 and 1977 returns, the bankruptcy trustee deducted net operating losses (NOLs) in the respective amounts of $549,077 and $871,966 that were carried forward from 1975 (the 1975 NOL) and 1976 (the 1976 NOL). The NOLs from 1975 and 1976 were used fully by the bankruptcy estate in the years 1977 through 1985.

On March 8, 1993, the bankruptcy trustee filed Forms 1041 for the years 1989, 1990, 1991, and 1992. The bankruptcy trustee did not deduct NOLs on any of these returns.

On December 2, 1993, the U.S. Bankruptcy Court issued an Order Approving Account, Discharging Trustee, and Closing Estate in the Kansas bankruptcy. On February 25, 1994, Mr. Beery filed a chapter 7 petition in the U.S. Bankruptcy Court for the District of New Mexico (the New Mexico bankruptcy). The New Mexico bankruptcy was still pending as of March 10, 2003.

Although the Kansas bankruptcy trustee had already claimed a

1975 NOL carryforward on the Forms 1041 that he filed for 1976-80, petitioners claimed the benefit of a 1975 NOL (the asserted 1975 NOL) carryforward on Federal income tax returns they filed for 1989, 1990, and 1991.  This Court disallowed the NOL deductions in <u>Beery v. Commissioner</u>, T.C. Memo. 1996-464 (Beery I).  At issue in Beery I was whether petitioners could carry forward a 1975 NOL more than 5 years after the loss arose.  This Court issued an opinion in Beery I on October 16, 1996, in which we held that petitioners cannot carry forward and apply an NOL from 1975 to offset their income for taxable years beyond 1980.

Petitioners filed Federal income tax returns for 1992, 1993, and 1994 in which they carried forward and deducted for each year an asserted 1975 NOL.  In response to a notice of deficiency disallowing the deductions for 1992, 1993, and 1994, on May 7, 1996, petitioners filed a petition with this Court at docket No. 8802-96.  On April 9, 1997, this Court issued an order granting respondent's motion for summary judgment and concluding that petitioners were not entitled to carry forward and deduct an NOL from 1975.[3]

Petitioners filed Federal income tax returns for 1995, 1996, and 1997 in which they carried forward and deducted for each year

---

[3]This Court issued an order on Oct. 24, 1997, that dismissed Mr. Beery from the case on the ground that the petition as to him was filed in violation of the automatic stay resulting from the New Mexico bankruptcy proceedings.

an asserted 1975 NOL.  Respondent did not audit these returns, and, consequently, respondent did not disallow or adjust the NOL carryforward deductions claimed on the returns.

Petitioners filed Federal income tax returns for 1998 and 1999 in which they carried forward and deducted for each year an asserted 1975 NOL.  In a notice of deficiency dated June 29, 2001, respondent disallowed these deductions for 1998 and 1999 in the amounts of $122,892 and $128,801, respectively.  Respondent also disallowed deductions for charitable contributions for 1998 and 1999 in the amount of $420 for each year.

On September 26, 2001, petitioners filed a timely petition contesting respondent's determinations.  In their petition, petitioners allege that they "disagree with the deficiencies" and "are entitled to NOL carryforward from a bankruptcy case closed in 1993."

OPINION

I.  NOL Carryforward Deductions

Petitioners[4] contended at trial that, in addition to the NOLs claimed by the bankruptcy trustee on Forms 1041, an NOL of $1,517,999 from 1975,[5] which the bankruptcy trustee never

---

[4]Only Mr. Beery appeared and testified at trial.  Mr. Beery represented, however, that he was acting on behalf of himself and his wife (petitioners in this case) with her full knowledge and approval.

[5]Petitioners' income tax returns for 1998 and 1999 reflect
(continued...)

deducted or carried forward, still exists.  On the basis of this asserted 1975 NOL, petitioners argue that they are entitled to NOL deductions in 1998 and 1999.

Respondent argues that his determination disallowing the NOL carryforward deductions for 1998 and 1999 must be sustained for a multitude of reasons.[6]  First, the only and best evidence of any NOL for 1975 is the Forms 1041 filed during the Kansas bankruptcy, which indicate that the 1975 NOL was completely used before the years at issue.  Second, even if there had been an unused 1975 NOL carryforward, the 1975 NOL could have been carried forward for only 5 years and, consequently, was not available for use in 1998 and 1999.  Third, even if there had been an unused 1975 NOL carryforward, the loss would not have passed to Mr. Beery.  Fourth, even if there had been an unused 1975 NOL carryforward and the unused portion of the 1975 NOL had passed to Mr. Beery, the unused 1975 NOL carryforward would have passed to Mr. Beery's New Mexico bankruptcy estate.

We need not address all of respondent's arguments because any one of several arguments is more than sufficient to support respondent's disallowance of the deductions.  We address two of respondent's arguments because they relate to our disposition of

---

[5](...continued)
that the unused NOL from the Kansas bankruptcy was $1,030,058.

[6]Although both parties were given the opportunity to file a posttrial brief, only respondent did so.

the penalty issue.

The NOL carryforward deduction issue before us is identical to the issue in Beery I. In Beery I, we identified the primary issue for decision as whether a 1975 NOL could be carried forward to years after 1980. Beery v. Commissioner, supra. In Beery I, we held that a net operating loss from 1975 could not be carried forward for more than 5 years. Our holding in Beery I is equally applicable here.

Petitioners argue, however, that Beery I is invalid because this Court entered the decision while the automatic stay provisions of the Bankruptcy Code were in effect. We disagree. On March 19, 1998, the U.S. Bankruptcy Court for the District of New Mexico issued an order granting respondent's motion for retroactive relief from the automatic stay, which permitted this Court to enter its decision in Beery I. The order provided in pertinent part:

> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the automatic stay imposed under 11 U.S.C. § 363 is retroactively modified in favor of the United States of America (IRS) to permit the United States Tax Court to take all steps necessary to enter a Decision in Docket No. 26695-93 and conclude its case and to permit the IRS to assess the debtor's additional tax liabilities for the years 1989, 1990, and 1991.

The U.S. Court of Appeals for the Tenth Circuit dismissed Mr. Beery's appeal of this order.

Moreover, petitioners' argument that Beery I is invalid was previously rejected by this Court in Beery v. Commissioner, T.C.

Memo. 2003-38 (Beery II).  At issue in Beery II was the propriety
of respondent's decision to proceed with the collection of
Federal income taxes and penalties for the taxable year 1994.
This Court issued an opinion in Beery II on February 20, 2003, in
which the Court upheld the validity of Beery I, holding that the
1975 NOL carryforward expired on December 31, 1980, and that this
Court was not required to take any further action to enforce
Beery I when the U.S. District Court issued its order lifting the
bankruptcy stay.  See id.  Therefore, we find no merit in
petitioners' argument that Beery I is invalid because this Court
entered the decision while the automatic stay provisions of the
Bankruptcy Code were in effect.

We also note that Mr. Beery made no effort at trial to prove
the existence or amount of the 1975 NOL carryforward that he
alleged was available to petitioners to deduct on their 1998 and
1999 returns.  Deductions are a matter of legislative grace, and
the taxpayer bears the burden of proving his entitlement to the
deduction he claimed.[7]  Rule 142(a); New Colonial Ice Co. v.
Helvering, 292 U.S. 435, 440 (1934); Welch v. Helvering, 290 U.S.

---

[7]Where the taxpayer produces credible evidence with respect
to any factual issue relevant to ascertaining the tax liability
of the taxpayer, the burden of proof shifts to the Secretary, but
only if the taxpayer has complied with substantiation
requirements, maintained all required records, and has cooperated
with reasonable requests by the Secretary for witnesses,
information, documents, meetings, and interviews.  Sec. 7491(a).
Petitioners do not contend that sec. 7491(a) applies to this
case.

111, 115 (1933). Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has not been conceded by such party's adversary, may be a ground for deciding the issue against that party. Rule 149(b). Furthermore, section 6001 and section 1.6001-1(a), Income Tax Regs., require that the taxpayer keep permanent books of account or records that are sufficient to establish the amount of deductions claimed on the taxpayer's returns.

Mr. Beery testified at trial that a certified public accountant examined the financial status of his grain business in 1975, in conjunction with his Kansas bankruptcy, and estimated an NOL for that year of $1,517,999.[8] Mr. Beery further testified that this figure is a matter of public record since a transcript of the accountant's testimony was made during the Kansas

---

[8]The alleged NOL of $1,517,999 claimed by Mr. Beery at trial is unproven and was merely a rough estimate as outlined in In re Beery, 680 F.2d 705, 716-717 (10th Cir. 1982):

> In 1975 the evidence is much less precise. The accountants could not determine the amount of Beery's grain sales, but estimated that they were $293,838. Using this number, as well as some other assumptions, Beery had an estimated net loss from farming of $23,000. Making similar assumptions with respect to Brownville Grain and commodities pursuits, the accountants estimated that Beery had a net loss from these ventures of $1,517,999. In making these estimates the accountants assumed that all claims filed against Beery in the bankruptcy court, and all receivables to which the estate thought it was entitled were valid. Thus, the net income figures for 1975 must be considered as rough estimates. [Citations and fn. refs. omitted.]

bankruptcy proceeding.  However, Mr. Beery did not offer the transcript as evidence at trial and presented no other factual testimony or documentation to establish the existence of the asserted 1975 NOL.  Mr. Beery relies solely on his own testimony to substantiate petitioners' deductions.

It is well established that this Court is not bound to accept a taxpayer's self-serving, unverified, and undocumented testimony.  Tokarski v. Commissioner, 87 T.C. 74, 77 (1986). We reject Mr. Beery's testimony as self-serving and unreliable in the absence of any credible evidence documenting the existence of an unused NOL carryforward from 1975 and in view of the Forms 1041 filed by the Kansas bankruptcy trustee, which are in evidence and show that the 1975 NOL was used fully before the years at issue.

We hold, therefore, that petitioners are not entitled to deduct 1975 NOL carryforwards on their 1998 and 1999 tax returns, and we sustain respondent's determination on this issue.

II.  Charitable Contributions

Petitioners claimed a deduction on their 1998 and 1999 tax returns for charitable contributions in the amounts of $9,914 and $12,341, respectively.  Respondent disallowed deductions for charitable contributions of $420 in 1998 and $420 in 1999. Respondent contends that petitioners have failed to provide the required documentation to substantiate the deductions.

Section 170(a)(1) allows a deduction for any charitable contribution payment made within the taxable year if the payment is verified under regulations prescribed by the Secretary. If the taxpayer makes a charitable contribution of money, the taxpayer must maintain for each contribution either a canceled check, a receipt or letter from the charitable organization, or other reliable written records showing the name of the organization, the date of the contribution, and the amount of the contribution. Sec. 1.170A-13(a)(1), Income Tax Regs.

A taxpayer may not deduct any charitable contribution of $250 or more unless the taxpayer substantiates the contribution with a written acknowledgment from the charitable organization. Sec. 170(f)(8)(A). The written acknowledgment must state the amount of any cash paid, whether the organization provided any goods or services in consideration for the cash, and the estimated value of any goods or services provided by the organization. Sec. 170(f)(8)(B).

At trial, Mr. Beery contended that petitioners donated most of the $420 each year to the United Way but admitted that petitioners were unable to locate canceled checks for these contributions. Petitioners submitted no other records to substantiate the charitable deductions for the years at issue and did not present any testimony from a representative of the United Way or from any other entity to document the disputed

deductions.[9]  Therefore, we hold that petitioners are not entitled to deduct the charitable contributions for 1998 and 1999, and we sustain respondent's determination on this issue.

III. Section 6662 Penalties for Negligence and Substantial Understatement of Tax

Respondent determined that for 1998 and 1999 petitioners are liable for accuracy-related penalties for negligence and for substantial understatement of income tax.  Petitioners contend that they are not liable for the accuracy-related penalties for negligence or substantial understatement of income tax because respondent allowed deductions of the asserted 1975 NOL carryforward on amended individual Federal income tax returns in years before 1998.

Section 6662(a) and (b)(1) imposes an accuracy-related penalty equal to 20 percent of any portion of an underpayment attributable to negligence or disregard of rules or regulations. The term "negligence" is defined in section 6662(c) as "any failure to make a reasonable attempt to comply with the provisions of * * * [the Internal Revenue Code]".  The term "disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c); sec. 1.6662-3(b)(2), Income Tax Regs.

_____

[9]Petitioners' only argument with respect to this issue is that it would be reasonable to allow them to deduct charitable contributions of $420, even without proper documentation, since they have already substantiated charitable contributions in excess of $10,000 for each year.

Disregard of rules or regulations is careless if the taxpayer does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation. Sec. 1.6662-3(b)(2), Income Tax Regs. Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. See sec. 1.6662-3(b)(1), Income Tax Regs.

During the examination of petitioners' 1998 and 1999 income tax returns and at the trial, petitioners did not produce any credible evidence to support the disputed NOL carryforward deductions and charitable contribution deductions. Mr. Beery did not testify that petitioners maintained adequate records or that they ever had records to substantiate the disputed deductions. Moreover, petitioners failed to present any colorable legal argument in support of their position that they were entitled to deduct the asserted 1975 NOL carryforwards on their 1998 and 1999 returns.

Section 6662(a) and (b)(2) imposes a penalty equal to 20 percent of the portion of an underpayment attributable to any substantial understatement of tax. A substantial understatement occurs when the amount of the understatement exceeds the greater of 10 percent of the amount of tax required to be shown on the return or $5,000. See sec. 6662(d)(1). The amount of an understatement on which the penalty is imposed will be reduced by

the portion of the understatement that is attributable to the tax treatment of an item (1) that was supported by "substantial authority" or (2) for which the relevant facts were "adequately disclosed in the return or in a statement attached to the return", and there was a reasonable basis for the tax treatment by the taxpayer. Sec. 6662(d)(2)(B).

Mr. Beery testified at trial that petitioners relied on prior-year tax audits to support the NOL carryforward deductions that they claimed. Mr. Beery testified that respondent audited amended income tax returns for taxable years before 1998 and issued refunds after allowing 1975 NOL carryforward deductions. However, petitioners offered no credible evidence to prove that the audits ever took place.

Section 6664(c)(1) provides that the accuracy-related penalties contained in section 6662 shall not be imposed with respect to any portion of an underpayment if it is shown that a taxpayer acted in good faith and that there was reasonable cause for the underpayment. Reasonable cause and good faith may be indicated by an honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer. Sec. 1.6664-4(b), Income Tax Regs. The determination of whether a taxpayer acted with reasonable cause and in good faith is made on a case by case basis, taking into account all pertinent facts and circumstances. See sec. 1.6664-

4(b)(1), Income Tax Regs.

The record does not contain one iota of credible evidence that petitioners had a reasonable basis for claiming the disputed NOL carryforward deductions or that they acted in good faith by doing so. Petitioners ignored our 1996 decision in Beery I, which held that petitioners cannot carry forward and apply an NOL from 1975 to offset their taxable income for years beyond 1980, when they prepared and filed their 1998 and 1999 returns. Petitioners continued to dispute the validity of Beery I and continued to deduct an asserted 1975 NOL carryforward over a period of several years, including the years at issue. Petitioners' entire course of conduct reflects a determined effort to claim undocumented and/or unuseable NOL carryforwards from 1975 over a period of many years while ignoring applicable law and relevant facts. Petitioners' intransigence does not qualify as reasonable cause for the 1998 and 1999 underpayments. We sustain respondent's determination regarding the section 6662 penalties.

We have considered the remaining arguments of petitioners for results contrary to those expressed herein and, to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

under Rule 155.